UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ERMI LLC ('289) PATENT LITIGATION											MDL No. 2914


**TRANSFER ORDER**


**Before the Panel:** Patentholder ERMI LLC moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the actions listed on Schedule A in the Southern District of Florida. This litigation consists of four patent infringement actions and one declaratory judgment action, each pending in a different district.[1] OneDirect Health Network, Inc., the plaintiff in the declaratory judgment action and a defendant in one of the infringement actions, opposes the motion. OneDirect states that the other defendants in the infringement actions join its opposition (all are represented by the same counsel). Alternatively, should we centralize this litigation, OneDirect suggests the Northern District of Georgia as the transferee district.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share essentially identical factual questions arising from allegations that a shoulder rehabilitation device manufactured by OneDirect infringes U.S. Patent No. 7,547,289 (the '289 Patent), which is entitled "Shoulder Extension Control Device."[2] Defendants in the patent infringement actions allegedly are distributors of the OneDirect product. Most of these defendants have moved to dismiss, or alternatively to stay, the infringement actions until OneDirect's declaratory judgement action is resolved. Centralization will create significant judicial efficiencies by allowing a single judge to preside over all pretrial proceedings, including the pending requests to stay the infringement actions against the alleged distributors and claim construction hearings (if necessary).

OneDirect argues that we should allow the transferor courts to dismiss or stay the infringement actions pending resolution of OneDirect's declaratory judgment action, pursuant to the

---

[1] Two additional patent infringement actions were listed on the motion but have been settled and dismissed.

[2] The '289 Patent is directed to "[m]ethods and apparatuses for providing range of motion control devices, and particularly relates to an apparatus for providing control of the range of motion of a human shoulder." U.S. Patent No. 7,547,289, Abstract (filed Dec. 13, 2001).

customer suit exception to the first-to-file rule.[3] As we previously have acknowledged, there may be circumstances where dismissals or stays under the customer suit exception offer an appropriate alternative to centralization. *See In re PersonalWeb Techs., LLC, & Level 3 Commc'ns, LLC, Patent Litig.*, 340 F. Supp. 3d 1373, 1374 (J.P.M.L. 2018). In this instance, though, we are not persuaded that centralization should be denied. No court has granted (or denied) a stay under the customer suit exception, and we express no opinion on the appropriateness of such stays here. Further, it is unclear that, even if all the pending customer suit exception motions were granted, the multidistrict character of this litigation would be eliminated. The action pending in the Southern District of Florida includes claims against the original inventor and manufacturer of the accused device. Those defendants seek dismissal on different grounds, and we decline to speculate as to the outcome of those motions. But it is clear that numerous motions will have to be decided in OneDirect's and defendants' favor before the multidistrict character of this litigation can be eliminated. Centralization, on the other hand, will deliver concrete benefits to the parties and the courts. It will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to the pending customer suit exception motions and claim construction; and conserve the resources of the parties, their counsel, and the judiciary.

The Southern District of Florida is an appropriate transferee district for this litigation. The inventor and original distributor of the accused product is located in this district. The Southern District of Florida is a convenient and accessible district, particularly for ERMI and OneDirect—the two main adversaries in this litigation—which are located in an adjacent state (Georgia). The action pending in the Southern District of Florida is assigned to the Honorable Roy K. Altman. Centralization in the Southern District of Florida therefore allows us to assign this litigation to a jurist who has not yet had the opportunity to preside over an MDL. We are confident that Judge Altman will steer this litigation on an efficient and prudent course.

---

[3] *See, e.g.*, *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) ("When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence.").

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Roy K. Altman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: ERMI LLC ('289) PATENT LITIGATION**  MDL No. 2914

## SCHEDULE A

<u>Southern District of Florida</u>

ERMI LLC v. TEAM POST OP, INC., ET AL., C.A. No. 0:19−60851

<u>Northern District of Georgia</u>

ONEDIRECT HEALTH NETWORK, INC. v. ERMI LLC, C.A. No. 1:19−01527

<u>Northern District of Illinois</u>

ERMI LLC v. GRAYMONT EQUIPMENT DISTRIBUTION, LLC, ET AL.,
    C.A. No. 1:19−02217

<u>Eastern District of Michigan</u>

ERMI LLC v. DETROIT MEDICAL DEVICES, LLC, ET AL., C.A. No. 2:19−10966

<u>Eastern District of North Carolina</u>

ERMI LLC v. NORTHSTATE SURGICAL DEVICES, LLC, ET AL.,
    C.A. No. 5:19−00124